IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmanuel M. Rodriguez, also known as Emmanuel Marquez Rodriguez,<br><br>        Petitioner,<br><br>v.<br><br>Warden Curtis Early,<br><br>        Respondent. | C/A No. 5:25-cv-1031-JFA-KDW<br><br><br>**OPINION AND ORDER** |

I.  **INTRODUCTION**

Petitioner Emmanuel M. Rodriguez, ("Petitioner"), a state prisoner proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Respondent's motion for summary judgment. (ECF No. 22).

After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's motion for summary judgment should be granted. (ECF No. 37). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

1

Petitioner filed objections to the Report on February 3, 2026. (ECF No. 40). Respondent filed a Reply on February 17, 2026. (ECF No. 41). Thus, this matter is ripe for review.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 37). In short, Petitioner is challenging her 2014 drug trafficking conviction in South Carolina state court based on her assertion that her Fourth Amendment rights were violated, and she received ineffective assistance of counsel. The Magistrate Judge recommends that Respondent's motion for summary judgment be granted as Petitioner has failed to set forth any viable grounds for relief.

In response to the Report, Petitioner enumerated two separate objections. (ECF No. 40). Each is addressed below.

Objection 1

Within her first objection, Petitioner avers that the Magistrate Juge failed to correctly analyze her Fourth Amendment claims. Specifically, Petitioner states that her petition "is not rooted in the argument the court failed to suppress the heroin found in her luggage after a suppression hearing, but is rooted within the argument that her Fourth Amendment constitutional right was violated when she was illegally and unconstitutionally detained, questioned and searched in violation of clearly established federal law." (ECF No. 40, p. 1).

Initially, Petitioner's assertion that this ground was not presented to and ruled on in the state court is belied by the record. The Report quotes the Court of Appeals opinion which denied Petitioner's evidence suppression claim by finding:

> **PER CURIAM**: Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Missouri*, 361 S.C. l07, 111, 603 S.E..2d 594, 596 (2004)("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is any evidence to support the ruling."); U.S. Const. amend. IV (prohibiting unreasonable searches and seizures); *State v. Mattison*, 352 S.C. 577, 583, 575 S.E.2d 852, 855 (Ct. App. 2003) ("Evidence obtained in violation of the Fourth Amendment is inadmissible in both state and federal court."); *Florida v. Royer*, 460 U.S. 491,497 (1983) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions."); *Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("So long as a reasonable person would feel free 'to disregard the police and go about his business,' ... the encounter is consensual and no reasonable suspicion is required." (quoting *California v. Hodari D.*, 499 U.S. 621, 628 (1991))); *id*. ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a

> 'seizure' has occurred." (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968))); *United States v. Drayton*, 536 U.S. 194, 206 (2002) ("The Court has rejected ... the suggestion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search.").

(ECF No. 21-3, p. 3-4).

The Court of Appeals' reliance on *Florida v. Royer*, 460 U.S. 491, 497 (1983) and *Florida v. Bostick*, 501 U.S. 429, 434 (1991) shows the court considered Petitioner's argument that she was illegally detained and questioned. Consequently, any further review by this court is foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976).

Moreover, the court agrees with Respondent's proposition that, to the extent Petitioner is suggesting counsel did not raise the precise argument, that is simply a different issue, and one not raised here. Such an issue would need to be properly exhausted and presented under a Sixth Amendment claim, not a Fourth Amendment one. *See Kimmelman v. Morrison*, 477 U.S. 365, 382–83 (1986) (declining to expand the *Stone* prohibition to incorporate "Sixth Amendment ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue"). Therefore, Petitioner's objection lacks merit and is overruled.

<u>Objection 2</u>

Within her second objection, Petitioner takes issue with the Report's determination that summary judgment should be granted as to Petitioner's ineffective assistance of counsel claims stemming from trial counsel's failure to conduct bias-related voir dire. This objection appears to be a mere disagreement with the Magistrate Judge's well-reasoned

conclusion that the state court did not impermissibly conclude Petitioner failed to present an ineffective assistance of counsel claim.

As correctly shown in the Report, the state court determination is entitled to a doubly deferential review. To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Here, Petitioner avers that the "State court's decision that Petitioner's trial counsel was not constitutionally ineffective for not submitting proposed voir dire as to whether the prospective jurors could be fair and impartial to a transgender person of Mexican origin, resulted in a decision that involved an unreasonable application of clearly established federal law, and an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." (ECF No. 40, p. 3).

Respectfully, the court disagrees. The Report correctly recounts the PCR court's determination that trial counsel strategically and purposefully chose not to question jurors about transgender immigrants, and this decision did not present a claim for ineffective assistance of counsel. The PCR court further determined that Petitioner failed to offer any evidence of resulting prejudice. (ECF No. 37, p. 19). These determinations were fully supported by the record and are entitled to deference. Petitioner's disagreement with this conclusion fails to move the needle. The court has found no error in any of the state court

determinations, let alone the Magistrate Judge's review of those determinations. Thus, Petitioner's objection must be overruled.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 37). Consequently, the motion for summary judgment (ECF No. 22) is granted and the petition is dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

February 20, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."